David Chami (SBN 027585)
**PRICE LAW GROUP, APC**
5420 S. Lakeshore Dr., Suite 102
Tempe, AZ 85283
T: 800-884-6000
Fax: 866-612-5700
David@pricelawgroup.com

Attorneys for Plaintiff,
BERNITA PAYA

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| BERNITA PAYA<br><br>Plaintiff,<br><br>vs.<br><br>FINANCIAL ASSET MANAGEMENT SERVICES, INC.; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>Demand Does Not Exceed $10,000 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Bernita Paya, an individual consumer, against Defendant, Financial Asset Management Services, Inc., for violations of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337 and 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Bernita Paya, is a consumer, a natural person allegedly obligated to pay any debt, residing in Coconino County, in the state of Arizona. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant, Financial Asset Management Services, Inc., is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 1967 Lakeside Parkway, Tucker, Georgia 30084. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Upon information and belief, within one (1) year prior to the filing of this Complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. As such, it qualifies as "debt," as defined by 15 U.S.C. § 1692a(5).

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff around October of 2011.

9. Upon information and belief, Defendant constantly and continuously called Plaintiff from the telephone number 678-254-3300.

10. Upon information and belief, Defendant was given knowledge of Plaintiff's work hours and that such calls to Plaintiff while Plaintiff was working were both inconvenient for Plaintiff and prohibited by Plaintiff's employer.

11. Upon information and belief, Defendant, through an agent identified as "Johnny Halet," continued to call Plaintiff at Plaintiff's workplace at least three times on or around December 21, 2011.

12. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt by continuing to call Plaintiff while she was working without her consent.

13. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

14. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## V. **CLAIM FOR RELIEF**

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)**

15. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to Plaintiff; and

(b) Defendant violated *§1692c(a)(3)* by calling Plaintiff's place of employment with knowledge or reason to know that Plaintiff's employer prohibits the Plaintiff from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction; and

(c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(d) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass; and

(e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Bernita Paya, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Financial Asset Management Services, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;
E. For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Bernita Paya, demands trial by jury in this action.

DATED: January 30, 2012

RESPECTFULLY SUBMITTED,
PRICE LAW GROUP APC

By: _____
David Chami
Attorney for Plaintiff